UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr., # 200273, | ) C/A No. 5:14-3177-DCN-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | )     (partial summary dismissal) |
| Warden Tim Riley; | ) |
| Sgt. Groves; | ) |
| Grievance Clerk Lecumpt; | ) |
| Deputy Director Padula; | ) |
| Captain Barry Tucker; | ) |
| DHO Turner; | ) |
| Counsel Substitute of Tyger River CI; | ) |
| Ann Hallman, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Factual and Procedural Background

Billy Lee Lisenby, Jr. ("Plaintiff") is a prisoner in the South Carolina Department of Corrections ("SCDC") system. He is currently incarcerated at Lieber Correctional Institution. In the Complaint under initial review, Plaintiff contends that his federal due-process and equal-protection rights were violated when he was convicted of a prison disciplinary charge of possession of contraband on November 19, 2012 at Tyger River Correctional Institution. Compl.

2, ECF No. 1; ECF No. 1-1 at 2. Plaintiff alleges his due-process rights were violated by the procedures used in connection with disciplinary hearing and the failure of the participants to follow SCDC policy leading up to and during the disciplinary hearing. ECF No. 1-1 at 3.

Specifically, Plaintiff alleges that his counsel substitute failed to call the witness that he told her to call and that witness Defendant Lecumpt "lied" in her testimony because envelopes sent to the Inmate Grievance Branch are supposed to be "confidential." *Id*. at 3-4. Plaintiff also alleges that filing of the possession of contraband charge that was initially submitted by Defendant Groves and approved by Defendant Tucker, on which he was convicted by Defendant Tucker, violated both his due-process and equal-protection rights because it was entered in retaliation for his "jailhouse lawyer" status and because no other inmate has ever been charged with possession of contraband based on an envelope that was addressed to the SCDC Inmate Grievance Branch. ECF No. 1-1 at 3-4; *see* ECF No. 18-1 (incident report).

Plaintiff names several SCDC officials and employees as Defendants, asking this court to award him damages "from each of the defendants." ECF No. 1-1 at 1, 5. However, the only Defendants who are specifically mentioned in Plaintiff's allegations and who appear to have been involved in filing the disputed charge or participating in the disputed hearing are Defendants Groves, Lecumpt, Tucker, Turner, and Counsel Substitute. The remaining SCDC officials listed as Defendants appear to have been named as parties based on their supervisory authority over the Defendants who filed the charges and/or participated in the disciplinary hearing because there are no allegations showing that those supervisory officials were personally involved in the challenged disciplinary process.

II.     Standard of Review

2

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

In order to assert a plausible § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v.*

3

*Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). As a general rule, the doctrine of vicarious liability is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Warden Tim Riley, Deputy Director Padula, and Grievance Branch Chief Ann Hallman may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be

expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, No.12-7279, 2013 WL 4517028, *2 (4th Cir. Aug. 27, 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983).

The *Slaken* exception is not adequately pleaded in this case because there are no allegations of any personal knowledge (or even subjective knowledge) on the part of Defendants Riley, Padula, or Hallman concerning the problems that Plaintiff alleges he had or constitutional violations that occurred in connection with the disputed disciplinary charge and hearing. Thus, regardless of how pervasive the alleged problems with the disciplinary process at Tyger River Correctional Institution during November 2012 might have been, Riley, Padula, and Hallman cannot be found liable for them simply based on their supervisory positions over the SCDC employees who Plaintiff's allegations show were personally involved in the process. The lack of any allegations establishing a plausible federal constitutional claim against Defendants Riley, Padula, or Hallman requires that the Complaint be partially summarily dismissed insofar as it seeks to hold them liable for damages or any other relief.

IV.     Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* as to Defendants Riley, Padula, or Hallman. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants.

IT IS SO RECOMMENDED.

October 8, 2014 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).