UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, #200273, ) | C/A No.: 5:14-cv-03177-DCN-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMENDATION |
| Sgt. Groves; Grievance Clerk Lecumpt; ) | |
| Captain Barry Tucker; DHO Turner; and ) | |
| Counsel Substitute of Tyger River CI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On June 3, 2015, Defendants filed a Motion for Summary Judgment. ECF No. 56. As Plaintiff is proceeding pro se, the court entered an order on June 4, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 57. Plaintiff was specifically advised that if he failed to respond adequately by July 9, 2015, Defendants' Motion may be granted, thereby ending Plaintiff's case against them. *Id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order Plaintiff failed to respond to Defendants' Motion for Summary Judgment.

On July 16, 2015, the court ordered Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motion for Summary Judgment by August 14, 2015. ECF No. 61. Plaintiff filed no response. As such, it appears to the court that he does not oppose Defendants' Motion and wishes to abandon his action. Based on the foregoing, the undersigned recommends Plaintiff's action be dismissed with prejudice for

failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

August 18, 2015                                        Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**